UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRANK T. BAXTER        ]
     Plaintiff,        ]
                       ]
v.                     ]     No. 3:13-0317
                       ]     Judge Campbell
MEDICAL STAFF AT CCA, et al.  ]
     Defendants.       ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the MDCDF medical staff; the Corrections Corporation of America; Mr. Hendrix, a nurse at MDCDF; and Assistant Warden Corlew; seeking injunctive relief and damages.

The plaintiff suffers from a "foot problem". At sick call, Nurse Hendrix gave the plaintiff medication for his pain and promised to set up an appointment for him with a doctor. Two weeks later, the plaintiff's condition had worsened and he had not yet seen a doctor.

When confronted, Nurse Hendrix told the plaintiff that he had forgotten to schedule his appointment with the doctor. An appointment was made and the plaintiff was examined by a doctor.

1

The doctor arranged for the plaintiff to be transported to a free world hospital.

At the hospital, the plaintiff was given antibiotics for his foot. Upon his return to MDCDF, the plaintiff was kept in the medical section for a week. Unfortunately, the plaintiff's foot has not gotten better and he now believes that he should have been allowed to stay at the hospital until his foot showed more improvement.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff admits Nurse Hendrix gave him medication for the pain caused by his foot. A doctor at MDCDF examined the plaintiff and arranged for his transport to an outside hospital. The plaintiff was treated with antibiotics and was returned to MDCDF where he remained in the clinic for another week. As a consequence, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. This dispute,

therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge

3